# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| IN THE MATTER OF THE EXTRADITION OF ) | |
| ) | |
| FERNANDO GAMBOA HOWARD ) | Case No. 2:15-mj-00627-NJK |
| ) | |
| AKA OSVALDO RICARDO ROMANDIA ) | ORDER DENYING MOTION FOR |
| ) | STAY OF CERTIFICATION ORDER |
| ) | |

Pending before the Court is Fernando Gamboa Howard's motion for thirty-day stay of the certification order. Docket No. 95. The Court has considered Gamboa Howard's motion and the United States' response. Docket Nos. 95, 97. The Court finds the motion properly decided without a hearing. *See* Local Rule 78-1.

Gamboa Howard asks the Court to stay its Certification and Committal for Extradition Order (Docket No. 94) for a period of 30 days. Docket No. 95 at 1. Gamboa Howard submits that, during the 30 days, he would determine whether he will petition for habeas review of the Court's order, as permitted by 28 U.S.C. § 2241. *Id*. at 1-2. At the end of the 30-day period, Gamboa Howard submits, if he has not petitioned for habeas review, "the stay will lift and the certification order will proceed in its normal course." *Id*. at 2.

In response, the United States submits that a certification order is not an independently executable order. Docket No. 97 at 2. Rather, now that the Court has issued the certification order, the Secretary of State "proceeds to decide whether the fugitive should be surrendered to the requesting country." *Id*. That process generally takes approximately two calendar months. Docket No. 97-1 at 1.

A fugitive cannot be surrendered to the requesting country until the Secretary of State has reviewed the case and decided to issue a surrender warrant. Docket No. 97 at 2. If, during the two-month review of the case by the Secretary of State, Gamboa Howard petitions for habeas review of the Court's order, the Secretary will "suspend his review of the extradition matter during the pendency of that petition" and will resume review only if the petition is denied. *Id*. The United States represents that the Secretary of State has not yet issued a surrender warrant, and no warrant will be entered within the 30-day period from the entry of the certification order. *Id*. Therefore, the United States submits, Gamboa Howard cannot meet the standard for the issuance of a stay. *Id*.

The Court must consider four factors in determining whether to grant a stay: "(1) whether the moving party has made a strong showing that it is likely to succeed on the merits; (2) whether the moving party will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Matter of Extradition of Mathison*, 974 F.Supp.2d 1296, 1305 (D.Or. 2013) (quoting *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987)). A stay is an exercise of judicial discretion; therefore, the party who requests the stay bears the burden of showing that the circumstances of the particular case justify the court exercising its discretion in that manner. *Nken v. Holder*, 556 U.S. 418, 433–434 (2009).

The first two factors of the test "are the most critical." *Nken*, 556 U.S. at 434. Nonetheless, a stay cannot issue unless the moving party meets its burden on the second factor, irreparable harm. *Leiva–Perez v. Holder*, 640 F.3d 962, 965 (9th Cir. 2011) (irreparable harm is "the bedrock requirement" to obtaining a stay). This is true "regardless of [the moving party's] proof regarding the other stay factors." *Id*. The moving party's evidence must prove that irreparable harm "is probable if the stay is not granted." *Id*. at 968. A showing of a "'possibility of irreparable injury' fails to satisfy the second factor." *Nken*, 556 U.S. at 434–435. Further, the moving party must show that the irreparable harm is "specific to his or her case, as opposed to a reason that would apply equally well to all [others] in all cases." *Leiva–Perez*, 640 F.3d at 969.

Gamboa Howard has not shown that irreparable harm is probable if his request for a stay is not granted. Indeed, he cannot do so. If the Secretary of State decides to issue a surrender warrant, it will not be issued for more than 30 days. Further, if Gamboa Howard petitions for habeas relief during the

approximately two-month period of time the Secretary of State is reviewing his case, the Secretary will suspend his review of the case pending the decision on the habeas petition.

Accordingly, as Gamboa Howard cannot meet the requirements for the issuance of a stay, his motion for thirty-day stay of the certification order, Docket No. 95, is hereby **DENIED**.

IT IS SO ORDERED.

DATED: July 6, 2017.

_____
NANCY J. KOPPE
United States Magistrate Judge